UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EVERCORE COMPANIES, ET AL.                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:19-CV-694-DPJ-FKB

ROBIN PRODUCTS, INC. AND
HARRY K. SUN                                                            DEFENDANTS

ORDER

Plaintiffs say Defendants breached their contract for delivery of "window, door[,] and framing products."  Compl. [1] ¶ 11.  Plaintiffs now seek summary judgment based on requests for admissions that were deemed admitted when Defendants missed the deadline to respond.  Pls.' Mot. [16]; Pls.' Mem. [17] at 1.  Defendants oppose that motion and move to withdraw their deemed admissions.  Defs.' Mot [23].  For the following reasons, Plaintiffs' summary-judgment motion is denied, and Defendants' motion to withdraw is granted.

I.    Background

For purposes of these motions, the contract dispute between the parties is less important than the procedural history.  On May 26, 2020, Plaintiffs Evercore Companies; Construction Equity, LLC; and 225 East Capitol Street Hotel, LLC, served separate requests for admissions on Defendants Robin Products, Inc., and Harry K. Sun.  *See* Not. of Service [13].  The admissions substantively asked Defendants to admit liability.  *See* Req. for Admis. [16-8, 16-9].  There is no dispute Defendants' counsel, Philip C. Hearn, received those requests the day Plaintiffs served them.  *See* Hearn Aff. [23-1] ¶ 4.  But Defendants failed to file responses within 30 days, so under Federal Rule of Civil Procedure 30(a)(3), the requests were deemed admitted.

Based on those admissions, Plaintiffs filed the pending summary-judgment motion arguing that no disputes of material fact remain.  *See* Pls.' Mem. [17] at 1.  Defendants oppose

the motion while seeking leave to withdraw their deemed admissions.  Defs.' Resp. [22] at 1; Defs.' Mot. [23].  Briefing on both motions has concluded, and the Court appears to have both personal and subject-matter jurisdiction.[1]

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.    Analysis

Rule 36(a)(3) is straightforward.  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."  Fed. R. Civ. P. 36(a)(3).  So, when Defendants failed to serve timely responses to Plaintiffs' requests, they admitted the requests and essentially admitted liability.  If the admissions stand, then Plaintiffs would be entitled to summary judgment.  *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (noting that summary judgment can be entered based on requests for admissions that have been deemed admitted).

Defendants acknowledge their failure to comply with Rule 36(a) but say the Court should allow them to withdraw the admissions.  Rule 36(b) addresses that issue.  Any matter admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn

---

[1] On January 6, 2021, the Court asked Plaintiffs to clarify certain jurisdictional issues.  *See* Order [28].  They promptly responded, and it now appears that diversity jurisdiction exists.

or amended." Fed. R. Civ. P. 36(b).  To prevail, the Court must find that withdrawal "1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *In re Carney*, 258 F.3d at 419 (citing *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)).

First, granting Defendants' motion to withdraw unquestionably promotes the presentation of the case on its merits.  By failing to respond, Defendants admitted breaching their contract, breaching their warranty of fitness, and making fraudulent representations.  Pls.' Req. for Admis. [27-4] at 2.  Because these are ultimate issues, denying Defendants' motion would "have the practical effect of eliminating any presentation of the merits of the case." *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007).  Defendants therefore satisfy the first prong of the Rule 36(b) test.

They also satisfy the second prong—whether withdrawal would prejudice the party that obtained the admissions.  "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n*, 930 F.2d at 1120.  Plaintiffs say prejudice exists here because they relied on Defendants' deemed admissions and did not conduct complete discovery.  Pls.' Resp. [26] at 4.  But "[a] party is not prejudiced by the need to conduct additional discovery, nor by being required to put on proof of previously admitted items." *Casey v. Quality Rests. & Concepts*, No. 1:10-CV-309-NBB-DASS, 2012 WL 3261367, at *5 (N.D. Miss. Aug. 8, 2012) (citing *Le*, 2007 WL 715260, at *3); *see also In re Guardian Trust Co.*, 260 B.R. 404, 411 (S.D. Miss. 2000) ("The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient prejudice.").

Even if there is some inconvenience regarding discovery, this is not a case where the request to withdraw created a "*sudden* need to obtain evidence." *Am. Auto. Ass'n*, 930 F.2d at 1120 (emphasis added). Defendants filed their motion to withdraw four months before the scheduled pre-trial conference, a date that would have been moved anyway given the ongoing pandemic. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (finding no prejudice where request came at "early point" in case). And though the discovery deadline has passed, the Court can simply re-open the discovery period. *See, e.g.*, *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) (explaining that although opposing party "relied on the deemed admissions in choosing not to engage in any other discovery, [the court is] reluctant to conclude that a lack of discovery, without more, constitutes prejudice. The district court could have reopened the discovery period" (citations omitted)); *Perez*, 297 F.3d at 1268 (reversing denial of motion to withdraw deemed admissions because "district court could have simply extended the discovery deadlines" to avoid plaintiff's claimed prejudice).

In sum, the district court has "considerable discretion" in managing discovery, and allowing Plaintiffs further discovery remedies their alleged prejudice without depriving Defendants an opportunity to challenge the claims on the merits. *Munoz v. Orr*, 200 F.3d 291, 304 (5th Cir. 2000). Accordingly, Defendants satisfied both prongs of the Rule 36(b) test.

That said, Defendants are not yet out of the woods because the Court has discretion to deny the motion even if they meet Rule 36(b)'s technical requirements. *Le*, 2007 WL 715260, at *2. Relevant here, "the Fifth Circuit has held that 'a court acts within its discretion in considering the fault of the party seeking withdrawal, or its diligence in seeking withdrawal.'" *F.D.I.C. v. Denson*, 908 F. Supp. 2d 792, 808–09 (S.D. Miss. 2012) (quoting *Le*, 2007 WL 715260, at *2)).

Starting with cause, Defendants' proffered excuses for missing the deadline are moderately compelling. According to Attorney Hearn, he has a solo practice and employs a legal assistant. During the pandemic, Hearn worked from home, and on May 14, 2020, experienced the birth of his sixth child. Hearn Aff. [23-1] ¶ 5. Both Hearn and his legal assistant have submitted sworn affidavits stating that the responses to Plaintiffs' requests for admissions were finalized for service within the deadline, but that each thought the other would have them served. *Id.*; Albritton Decl. [23-2] ¶ 5. While that history is sloppy, it reflects a mistake rather than contumacious conduct or a knowing waiver of defenses.

Diligence is a bigger issue. As Plaintiffs point out, Defendants waited 56 days after receiving the summary-judgment motion before filing their motion to withdraw admissions. Pls.' Resp. [26] at 2. Moreover, Defendants had already failed to comply with Federal Rule of Civil Procedure 26(a)(1), prompting a discovery dispute with Plaintiffs.[2]

Defendants' discovery failures and their delayed effort to remedy a potentially dispositive misstep are at best troubling. But it must be noted that when the summary-judgment motion was served, Hearn was apparently quarantined at home with COVID-19. Hearn Aff. [23-1] ¶ 7. Moreover, in this timeframe, Defendants filed two motions for extensions of time to respond to the summary-judgment motion, though they then responded and filed the motion to withdraw one day *after* that twice-extended deadline expired. Defs.' Mot. [20]; Defs.' Mot. [21]. While

---

[2] Plaintiffs offer record evidence regarding their efforts to obtain the pre-discovery disclosures, but they suggest that this history reflects their good-faith "efforts to obtain Defendants' Rule 26 Disclosures, **as well as** their *Requests for Admissions*." Pls.' Resp. [26] at 3 (bold emphasis added). They then argue that "Plaintiffs' Motion for Summary Judgment was their final choice because they had already acted in good faith for several months to settle the discovery dispute." *Id.* The record evidence does not support this argument because Plaintiffs' exhibits reflect efforts to obtain pre-discovery disclosures—not past-due responses to the requests for admissions. Indeed, there were no motions to compel and no record of correspondence mentioning the responses to the requests for admissions once they became past due.

5

these extensions do not excuse Defendants' delay in filing their withdrawal motion, they show that Defendants were not entirely sitting on their hands.

The Court recognizes that there is discretion in determining whether withdrawal is appropriate and that the "potential[ly] harsh[]" result of summary judgment may in some cases be "necessary to insure the orderly disposition of cases" when parties fail to respond to requests for admissions. *In re Carney*, 258 F.3d at 421 (quoting *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)). But, considering the combination of the Coronavirus pandemic, the birth of Hearn's sixth child, his own COVID-19 required quarantine, and the two requests for extensions, it would border on an abuse of discretion to deny relief when Defendants have otherwise established both prongs of the Rule 36(b) test. Defendants' motion to withdraw is therefore granted, and Plaintiffs' summary-judgment motion is denied without prejudice.

VI.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Plaintiffs' Motion for Summary Judgment [16] is denied without prejudice, and Defendants' Motion for Leave to Withdraw Deemed Admissions [23] is granted. Because of this Order, and the on-going pandemic, the case is removed from the pre-trial and trial settings. The parties are instructed to contact the magistrate judge to set a new scheduling order to include time for discovery and dispositive motions. Finally, Defendants are advised that any missed deadlines in the future may be grounds for sanctions.

**SO ORDERED AND ADJUDGED** this the 21st day of January, 2021.

*s/ Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE